# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Seekou Lee, | Case No. 21-cv-267 (PAM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Monty Wikinson et al., | |
| Respondent. | |

Seekou Lee is a citizen of Laos and detained in the custody of the United States Immigration and Customs Enforcement. Gov't Resp. 1, Dkt. No. 6. An immigration judge ordered Lee removed on January 21, 2021; Lee then waived his right to appeal that same day. Repp Decl. Ex. 1, at 59–60, Dkt. No. 8-2. Lee's waiver of his appeal rights makes the immigration judge's order of removal final. 8 C.F.R. § 1241.1(b) ("An order of removal . . . shall become final . . . [u]pon waiver of appeal by the respondent."). Less than two weeks later, Lee filed this petition for a writ of habeas corpus alleging that his "prolonged and Continued detention is unreasonable, and violate[s] [his] substantive rights to due process under the Due process clause of the Fifth Amendment." Pet. 6, Dkt. No. 1.[1] Thus, he asks the Court to order his immediate release. Pet. 7.

---

[1] Lee also refiled his petition for a writ of habeas corpus on February 11, 2021. The Clerk of Court presumed this filing was a new petition and docketed it as a new case: 21-cv-406 (PJS/KMM). Lee wrote to the court explaining that his filing was not a new petition but another filing in this case. Letter, Dkt. No. 5. The Clerk then refiled his petition from 21-cv-406 as an amended petition in 21-cv-267. Am. Pet., Dkt. No. 10. Though the Clerk docketed Lee's filing as an amended petition, it is identical to his original petition. *Compare* Pet., Dkt. No. 1, *with* Am. Pet., Dkt. No. 10.

Once a foreign national is subject to a final order of removal, the government must detain that individual during the removal period. 8 U.S.C. § 1231(a)(2). That mandatory detention, however, extends for only ninety days, after which the government may release that individual on supervision. 8 U.S.C. § 1231(a)(3). The mandatory ninety-day detention period begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). For Lee, his mandatory detention began on January 21, the date his order of removal became final, and extends for ninety days: until April 21, 2021.

Lee's detention is thus statutorily permissible and, in fact, required. That said, there are constitutional limits to the length of post-removal detention. *Zadvydas v. Davis*, 533 U.S. 678 (2001). While the government cannot indefinitely detain foreign nationals pending deportation, *id.* at 699, any challenge brought during the mandatory detention period is premature, *Bini v. Aljets*, 36 F. App'x 868, 869–70 (8th Cir. 2002). In fact, detention for up to six-months is presumptively constitutionally reasonable. *Zadvydas*, 533 U.S. at 701.

Lee brought his petition less than two weeks after his mandatory detention period began, well before the ninety-day or six-month limits. Because Lee's detention falls within both the mandatory period of 8 U.S.C. § 1231(a)(2) and the presumptively reasonable six-month period under *Zadvydas*, Lee's challenge to his post-final-order detention is premature. As a result, his petition must be denied. *E.g.*, *Paul D.T.M. v. Barr*, No. 20-cv-546 (JRT/ECW), 2020 WL 4606526, at *3–4 (D. Minn. July 2, 2020), *report and recommendation adopted*, 2020 WL 4604508 (D. Minn. Aug. 11, 2020); *Inemo S. C. v. Dep't of Homeland Sec.*, No. 19-cv-2881 (PJS/LIB), 2020 WL 2765108 (D. Minn. May 28, 2020).

## RECOMMENDATION

For these reasons, this Court RECOMMENDS:

1. Petitioner Seekou Lee's Petition for a writ of habeas corpus [Dkt. No. 1] and Amended Petition for a writ of habeas corpus [Dkt. No. 10] be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: March 2, 2021              ___s/David T. Schultz_____
                                  DAVID T. SCHULTZ
                                  United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).